UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DONALD A. SHAW, | ) |
| Petitioner, | ) |
| v. | ) Civil Case No. 22-1012 |
| JANET YELLEN, *et al*. | ) |
| Respondents. | ) |

**OPINION AND ORDER**

Petitioner Donald A. Shaw filed a *pro se* complaint against various officers at the Internal Revenue Service ("IRS") requesting that this Court order the IRS to release a $600 payment that he claims that he is owed. ECF No. 1. Petitioner also seeks leave to file the petition *in forma pauperis*, as he does not have sufficient funds to pay the filing fee. ECF No. 2. The Court has determined that the claims, as presented, fail to establish that he exhausted his administrative remedies. Accordingly, as explained below, Petitioner's Motions are denied.

**BACKGROUND**

Petitioner claims that he is owed $600 under the Coronavirus Aid, Relief and Economic Security ("CARES") Act. While Petitioner cites the CARES Act, the timing and amount of the stimulus indicate that Petitioner, in fact, seeks relief under the Consolidated Appropriations Act of 2021 ("CAA"), which provided relief in much the same manner as the initially passed CARES Act. S*ee* 26 U.S.C. § 6428A(a)(1). The CARES Act was passed in early 2020 when many states issued stay at home orders in response to the COVID-19 pandemic, causing unemployment to rise. *See Lamar v. Hutchinson*, 21-cv-529, 2021 WL 4047158 (E.D. Ark. Sept. 3, 2021). One notable piece of the CARES Act was a $1,200 payment to eligible American adults with an income below

$75,000. *Id*. (citing 26 U.S.C. § 6428(d)). Congress passed two more relief bills. The second relief package included a $600 tax credit and the third round included a $1,400 tax credit. *See* 26 U.S.C. § 6428A; 26 U.S.C. § 6428B. These payments were generally rapidly distributed so that they could have maximum impact. *Hutchinson*, 2021 WL 4047158.

Petitioner is currently incarcerated with the Illinois Department of Corrections. He asserts that the IRS owes him the $600 relief payment. He provides a copy of a letter from the IRS dated February 5, 2021 that states a payment of $600 was issued by either check or debit card and that he should check the status of his payment if he has not received it within seven days of receiving the letter. ECF No. 1 at 6. Petitioner explains that he wrote the IRS on April 12, 2021, to inquire about the status of the missing check. Petitioner attaches a copy of a letter from the IRS date August 25, 2021 that states that the IRS received his April 12, 2021 inquiry and needs another sixty days to work on his account to send a complete reply. ECF No. 1 at 8. Petitioner acknowledges that he received two other refunds from the IRS for $1200 around November of 2020 and another for $1400 in April of 2021 pursuant to the various relief packages related to the COVID-19 virus.

Petitioner argues the IRS still had not responded even though well over sixty days had elapsed. Accordingly, he felt it was appropriate to seek relief in this Court.

**DISCUSSION**

When a plaintiff seeks leave to proceed *in forma pauperis*, his complaint is subject to review by the district court. See 28 U.S.C. § 1915(e)(2). The district court shall dismiss the case if the court determines that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

As an initial matter, it is well-settled law that as sovereign, the United States is immune from suit unless it consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court for refund of taxes. 28 U.S.C. § 1346(a)(1). However, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). The Seventh Circuit has confirmed that "[o]nly taxpayers who have filed timely refund claims and then exhausted these administrative procedures may sue the government for tax refunds in federal court under 28 U.S.C. § 1346 and 26 U.S.C. § 7433." *Goldberg v. United States*, 881 F.3d 529, 532 (7th Cir. 2018). "The Internal Revenue Code specifies that before [bringing an action in federal court], the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) (citation omitted)

While Petitioner outlines some informal communication with the IRS regarding his stimulus payment, there is nothing in Petitioner's complaint that indicates he filed a tax return or exhausted his administrative rights. Under that CAA the "Secretary shall, subject to the provisions of this title, refund or credit any overpayment attributable to this subsection as rapidly as possible" but it does not grant an eligible individual an immediate right to payment. 26 U.S.C. § 6428A (f)(3)(i). Accordingly, there is nothing within that act that indicates Petitioner should be able to

circumvent the general requirement that he administratively exhaust his remedies with the IRS before he can bring suit in federal court.

Consistent with the principles of Rule 15(a)(2) of the Federal Rules of Civil Procedure, however, courts generally grant leave to amend freely. The Seventh Circuit has interpreted Rule 15(a)(2) to mean courts should usually give a claimant at least one opportunity to amend. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). Unless "it is *certain*...that any amendment would be futile or otherwise unwarranted," the court should grant at least one opportunity to amend. *Id.* at 519–20 (emphasis in original). The Court is also mindful that it has a "special responsibility" to liberally construe *pro se* filings. *See Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (internal citation and quotation omitted). Accordingly, it is appropriate to allow Petitioner at least one opportunity to amend his Complaint.

## CONCLUSION

For the reasons stated above, it is ORDERED that Petitioner's *Writ of Mandamus* [1] and Motion to Leave to File *in forma pauperis* [2] are DENIED. The Court will enter final judgment against Plaintiff and dismiss this case unless he files an amended complaint within twenty-one (21) days of this Order.

ENTERED this April 12, 2022.

                                                 /s/ Michael M. Mihm
                                                   Michael M. Mihm
                                            United States District Judge