E-FILED
Friday, 22 July, 2022  08:57:47 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| DONALD A. SHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Case No.  22-1012 |
| | ) | |
| JANET YELLEN, *et al*. | ) | |
| | ) | |
| Respondents. | ) | |

**OPINION AND ORDER**

Pending before the Court is Petitioner Donald A. Shaw's amended *pro se* complaint against various officers at the Internal Revenue Service ("IRS") ECF No. 6. For the reasons stated below, Petitioner's Amended Complaint is dismissed.

The Court dismissed Petitioner's initial Complaint due to his apparent failure to exhaust administrative remedies. ECF No. 5. The Court gave Petitioner the opportunity to file an amended complaint and he filed an amended complaint that also purports to incorporates his initial complaint. In his initial Complaint, Petitioner complains that the IRS did not send him the $600 he is owed under the Coronavirus Aid, Relief and Economic Security ("CARES") Act. Petitioner provided a copy of a letter from the IRS dated February 5, 2021 that states a payment of $600 was issued by either check or debit card and that he should check the status of his payment if he has not received it within seven days of receiving the letter. ECF No. 1 at 6. Petitioner also explained that he wrote the IRS to inquire about the status of the missing check. He attached a copy of a letter from the IRS date August 25, 2021 that states that the IRS received his inquiry and needs another sixty days to work on his account to send a complete reply. ECF No. 1 at 8.

The Court observed in its motion dismissing the Complaint, that while Petitioner cited the CARES Act, the timing and amount of the stimulus indicated that Petitioner, in fact, sought relief under the Consolidated Appropriations Act of 2021 ("CAA"), which provided relief in much the same manner as the initially passed CARES Act. S*ee* 26 U.S.C. § 6428A(a)(1). ECF No. 5. The Court found that Petitioner did not appear to have filed a tax refund or have otherwise exhausted the administrative remedies through the IRS to receive this refund. Accordingly, the Court found that Petitioner had not exhausted his administrative remedies and could not bring a suit against the United States.

In his motion to amend the Complaint, Petitioner clarifies that he did file his taxes in 2019 and points to his mentioning filing a form 1040 in his initial Complaint. However, this $600 refund was considered a refund for the tax year 2020. 26 U.S.C. § 6428A(a)(1). The IRS website confirms that individuals who did not received their first or second payment must first file their 2020 taxes. The website explains that missing "first and second payments may only be claimed on a 2020 tax return." *Recovery Rebate Credit*, IRS, https://www.irs.gov/newsroom/recovery-rebate-credit (last visited 7/14/2022). Parties missing a payment must file a tax return "even if you don't usually file taxes." *Id*.  Thus, Petitioner needed to file his 2020 taxes and then follow the necessary process if the IRS still denied him the check. He cannot skip this step and immediately seek relief in federal court. While Petitioner has alleged that he filed his 2019 taxes, it remains unclear whether he filed his 2020 taxes.

For the reasons stated above and as further outlined in the Court' initial opinion dismissing Petitioner's Complaint [5], it is ORDERED that Petitioner's Amended Complaint [6] is DISMISSED. The Court will enter final judgment against Plaintiff and dismiss this case unless he

2

files an amended complaint within twenty-one (21) days of this Order that remedies the deficiencies described above.

ENTERED this 21st day of July, 2022.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge